Casey M. Arbenz, Bar No. 206061
PUGET LAW GROUP
938 Broadway
Tacoma, WA 98402
Telephone: (253) 327-4696
Facsimile: (253) 617-1013
Email: *casey@pugetlawgroup.com*

Attorneys for BR COFFEE, LLC; BR RAINBOW
OP, LLC; BR BLUE DIAMOND OP, LLC; BR
SILVERADO; RANCH OP, LLC; BR FT. APACHE OP,
LLC; BR RAINBOW NORTH OP, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| BLACK ROCK COFFEE BAR, LLC, an Oregon limited liability company;<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BR COFFEE, LLC, a Nevada limited liability company; BR RAINBOW OP, LLC, a Nevada limited liability company; BR BLUE DIAMOND OP, LLC, a Nevada limited liability company; BR SILVERADO RANCH OP, LLC, a Nevada limited liability company; BR FT. APACHE OP, LLC, a Nevada limited liability company; BR RAINBOW NORTH OP, LLC, a Nevada limited liability company,<br><br>　　　　　Defendants. | Case No. 3:23-cv-00313<br><br>**NOTICE OF REMOVAL**<br><br>Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446<br><br>(Multnomah County Circuit Court, Case No.: 23CV07816) |

　　　　TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON AND TO PLAINTIFF BLACK ROCK COFFEE BAR, LLC AND ITS ATTORNEYS OF RECORD:

　　　　PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332(a), 1441, and 1446, Respondents BR COFFEE, LLC ("BR Coffee"); BR RAINBOW OP, LLC ("BR Rainbow OP");

BR BLUE DIAMOND OP, LLC ("BR Diamond"); BR SILVERADO RANCH OP, LLC ("BR Silverado"); BR FT. APACHE OP, LLC ("BR Apache"); BR RAINBOW NORTH OP, LLC ("BR Rainbow North") (collectively referred to herein as "BR Parties") hereby remove the above-captioned civil action, pending as Case No. 23CV07816 in the Circuit Court of the State of Oregon, County of Multnomah, to the United States District Court for the District of Oregon, Portland Division.

A removal petition such as the instant pleading must be a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). BR Parties respectfully reserve their rights to submit evidence in support of their factual allegations in response to any challenge to removal in this matter. This removal is proper under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1446, because the underlying arbitration between the parties that is the subject of this dispute involves a claim that exceeds $75,000, and complete diversity exists between the parties.

1. This Court already has jurisdiction over the parties and the arbitration that is the subject of this action.

2. The parties already submitted to the jurisdiction of this court regarding the arbitration that is the subject of this action.

3. On May 29, 2020, Petitioner BLACK ROCK COFFEE BAR, LLC ("Black Rock") initiated an arbitration in the American Arbitration Association ("AAA") against the BR Parties, which is titled *Black Rock Coffee Bar, LLC v. BR Coffee, LLC, et al.*, Case No. No. 01-20-0005-4335 ("Arbitration"). The Arbitration was presided over by George A. Finkle ("Arbitrator Finkle").

4. On June 17, 2020 Black Rock Coffee Bar, LLC ("Black Rock") petitioned this court asking it to take jurisdiction of the matter and seeking an order directing BR Parties to private arbitration with the American Arbitration Association, Case No. 3:20-cv-976-SI. On August 14, 2020 this Court entered an Order and Judgment granting the petition to compel arbitration. In doing so, Black Rock submitted to the jurisdiction of this Court regarding this matter.

5. On September 24, 2021 Black Rock attempted to add certain individual plaintiffs (the "Individual Plaintiffs") to the arbitration, followed by the arbitrator unsuccessfully attempting to "order" them to the arbitration on October 19, 2021.

Page 2 -    **NOTICE OF REMOVAL**

6. The Individual Plaintiffs subsequently filed an action to enjoin the arbitrator from including them in the arbitration. Black Rock removed the cases from California state Court to California District Court, and then over to this Oregon District Court. Case No. 3:22-cv-01258-SI (Lead case) (Consolidated with Case Nos. 3:22-cv-01259-SI, and 3:22-cv-01260-SI). In doing so, Black Rock submitted to the jurisdiction of this Court regarding this matter.

7. On December 12, 2022, Arbitrator Finkle issued a purported Final Award against BR Parties in favor of Black Rock.

8. On February 10, 2023, this Court exercised jurisdiction over the arbitration and the arbitration award and entered a judgment enjoining Black Rock from enforcing the arbitration award against the Individual Plaintiffs.

9. Even though this Court already exercised jurisdiction over the arbitration and the arbitration award, on February 21, 2023, Black Rock filed a Petition to Confirm the arbitration award against the BR Parties in the Circuit Court of the State of Oregon, County of Multnomah, Case No. 23CV07816 (the "Action").

10. Pursuant to 28 U.S.C. § 1446(a), BR Parties are filing all pleadings filed and served upon them in the Action along with this notice of removal.

## TIMELINESS OF REMOVAL

11. Black Rock filed this action on February 21, 2023, and it was served on BR Parties on February 24, 2023.

12. This notice of removal is being filed within 30 days after service of the petition on the BR Parties. 28 U.S.C. § 1446(b)(3); *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

## INTRADISTRICT ASSIGNMENT

13. This action was originally filed in the Circuit Court of the State of Oregon, County of Multnomah and is therefore removable to the Portland Division of this District. 28 U.S.C. § 1441(a).

Page 3 -    NOTICE OF REMOVAL

## JURISDICTION

14. <u>Diversity jurisdiction</u>: The Action is civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a).

15. Complete diversity of citizenship exists as to the parties who have been properly named and served with the Petition. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Black Rock is an Oregon limited liability company with its principal place of business in Bend, Oregon; and the BR Parties are Nevada limited liability companies with their principal place of business in Las Vegas, Nevada.

16. The amount in controversy exceeds $75,000. BR Parties oppose Black Rock's petition and the legal theories upon which the petition is purportedly based and any claim relief stemming therefrom. BR Parties intend to move to vacate the arbitration award. However, for purposes of removal only, and without conceding that Black Rock is entitled to any relief, the claims, in the petition, establish an amount "in controversy" in excess of $75,000.

17. "[A Respondent]'s notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). When calculating the amount in controversy for jurisdiction purposes, the court includes all compensatory damages, the cost of complying with an injunction, and attorney fees allowed by statute. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). In cases seeking to confirm or vacate an arbitration award, the amount in controversy is determined by the amount at issue in the underlying dispute, i.e., the demand approach. *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005). Other circuits have used a different approach; under an award approach, the amount in controversy is determined by the amount of the underlying arbitration award regardless of the amount sought. *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 260 (6th Cir. 1994).

18. Black Rock intends to confirm an arbitration award that purportedly granted it an award of excess of thirty million dollars against the BR Parties.

19. The relief sought by Black Rock – confirmation of an arbitration award in excess of thirty million dollars – clearly exceeds the $75,000 threshold. Whether a court applies a demand or an award approach to the jurisdictional question is somewhat moot given that under either approach the jurisdictional requirements would be satisfied here.

20. Therefore, not only does this Court have jurisdiction of this action because it has already exercised jurisdiction over the parties and the claims involved in this action, and the parties have already submitted to the jurisdiction of this Court regarding the same, but this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) for the reasons that the Black Rock and BR Parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and, accordingly, this case is properly removed pursuant to 28 U.S.C. § 1441.

## STATE COURT PROCESS

21. Pursuant to 28 U.S.C. § 1446(d), BR Parties has given the Multnomah County Circuit Court notice that this case has been removed to the United States District Court. *See* **Exhibit 1**.

22. To the best of BR Parties' knowledge, all process, pleadings, and orders served upon BR Parties in the Circuit Court of the State of Oregon, County of Multnomah, are attached to this Notice of Removal. *See* **Exhibit 2**.

23. By filing this Notice of Removal, BR Parties do not waive any defenses available to it, including, but not limited to, defenses for lack of jurisdiction over the person, improper venue, insufficiency of process or insufficiency of service of process. *See Freeman v. Bee Mach. Co.*, 319 U.S. 448, 451 (1943); *Dielsi v. Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996).

//

//

//

WHEREFORE, BR Parties remove the Action, now pending in the Circuit Court of the State of Oregon, County of Multnomah, to the United States District Court for the District of Oregon, Portland Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and BR Parties respectfully request that all further proceedings in this Action be conducted in this Court as provided by law.

Dated: March 3, 2023

PUGET LAW GROUP

By: /s/ Casey M. Arbenz
Casey M. Arbenz, Esq.
Attorneys for BR COFFEE, LLC; BR RAINBOW OP, LLC; BR BLUE DIAMOND OP, LLC; BR SILVERADO; RANCH OP, LLC; BR FT. APACHE OP, LLC; BR RAINBOW NORTH OP, LLC